McFarland, J.,
delivered the opinion of the Court.
W. L. Stewart & Bro. brought this action against' Joseph L. Mitchell and C. G. Mitchell, and obtained judgment. C. G. Mitchell has appealed in error, upon the refusal of the court to grant him a new trial. The ground of the action against Joseph L. Mitchell is, that Stewart & Bro. advanced to him |2,000, in gold, to be invested in cotton, and consigned to them for sale, which was never done, nor was the money *19 ever returned — this is not controverted. C. G. Mitchell was held liable upon the following facts. He addressed to the plaintiffs the following letter:
“ New Albany, Miss., June 29th, 1865.
“ Messrs. W. L. Stewart & Bro.:
“ Gentlemen — Permit me to introduce to your acquaintance and friendly consideration, my nephew, Joseph L. Mitchell, of whom I spoke to your elder Mr. Stewart. Any assistance you may render him will be duly appreciated, and vouch for his industry, correct moral habits and attention to business.
Respectfully, yours, etc., C. G. Mitchell.”
This letter was by said J. L. Mitchell soon after its date delivered to the plaintiffs at Memphis. One of the firm at once procured employment for said Joseph L., as a clerk in the house of Kraus & Co. in the city. Afterwards, in October, said Joseph L. represented to Stewart & Bro. that he had purchased in Mississippi a quantity of cotton, upon terms that they considered very favorable, that he needed about 82,000 in gold to pay for it and that if they would advance him the money to pay for the cotton, he would have it consigned to them for sale. They were to have the usual commissions for sales and advances— they being commission merchants and cotton factors. Upon this they advanced the money. It was sent by express to one Parham, in Mississippi, who Mitchell represented was to complete the purchase and forward the cotton, Mitchell remaining with his employers. The cotton never came. Mitchell seemed troubled, made various promises and some contradictory state *20 ments about it, but never produced the cottou or accounted for the money. Whether he was guilty of a deliberate fraud or was himself imposed upon by Par-ham or some - one else, is not certain from the l’ecord; but for the argument we may assume the former. The plaintiff made no proof as to Joseph L. Mitchell’s character for industry, moral habits, or attention to business. But the proof is clear by the defendant, that from his youth up, until the date of the letter, and until after the occurrence of this transaction, in these respects it was very good — such was his reputation in Mississippi, whence he came, and with his employers in Memphis, to whom he gave thorough satisfaction. Numerous and lengthy propositions were submitted to the court below by counsel, and replied to at great length, apparently involving the case in much doubt and mystéry. We will not undertake to follow these discussions. The charge in substance tells the jury that C. S. Mitchell should be held liable for the fraud of Joseph L., if the plaintiffs were induced to credit him upon the faith of the letter. We content ourselves with holding simply that upon the facts stated, the action cannot be maintained.
1st. It cannot be maintained that Stewart'& Bro. would' have the right, upon the faith of this letter, to-advance money at will to Joseph L. Mitchell, and hold C. G. Mitchell responsible for it. The letter contains no. request to advance money, or any intimation that the writer was to be held liable for any that might be advanced. Stewart & Bro. could not have so understood it. Nor does W. L. Stewart the plaintiff, *21 who is examined as a witness, and upon whose testimony with the letter, the case rests, say that he so understood it; but he says, but for the letter he would not have advanced the money. The plaintiffs doubtless believed the statements of the letter as to the character of Joseph L. to be true, and upon this and ■other evidence they concluded he would do to trust, and made the contract with him, out of which they expected to realize a profit.
Then in the second place, were the statements of the letter as to character false and fraudulent? There is no such proof offered by the plaintiff; but on the contrary, they are expressly proven by the defendant to have been true in every respect.
If the plaintiffs had proven, that the statements of the letter as to Joseph L. were false and fraudulent— that his character was not that of an industrious man, of correct moral habits, and attention to business, and that in consequence they suffered loss, their action might be maintained. But they could not show this by proving that in a single transaction afterward, he did not deal fairly with them.
C. G. Mitchell did not undertake to be responsible for all the acts of Joseph L. in after life. He undertook simply to tell the truth in regard to his
character and habits, and this it clearly appears he did. Cases of guaranty are wholly different. See Yancey v. Brown & Appleton, 3 Sneed.0
Reverse the judgment and remand the cause for a new trial.